UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CHAUDHARY M. MUNNAZAM,

       Plaintiff,

       -against-

UNITED STATES OF AMERICA, and
MICHAEL B. MUKASEY, ATTORNEY
GENERAL OF THE UNITED STATES,
and BUREAU OF CUSTOMS AND
IMMIGRATION SERVICES,

       Defendants.
----------------------------------------------------------X

<u>NOT FOR PUBLICATION</u>
<u>MEMORANDUM & ORDER</u>

07-CV-5324 (CBA) (JMA)

AMON, United States District Judge:

       Plaintiff Chaudhary M. Munnazam, a native and citizen of Pakistan, brought this action challenging the denial of his application for adjustment of immigration status by the United States Bureau of Citizenship and Immigration Services ("USCIS"). Plaintiff styles his complaint as a petition for a writ of mandamus, but he clarified at oral argument that the heart of his challenge is to the merits of the agency's decision. Defendants have moved to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, claiming that plaintiff has failed to exhaust his administrative remedies. For the following reasons, the Court grants defendants' motion to dismiss.

**I.    Background**

       Plaintiff is an undocumented alien who claims to have entered the United States without inspection in February 1981. (Compl. ¶ 2; Declaration of Elliot M. Schachner, dated November 25, 2008 ("Schachner Decl.") Ex. E at 4.) On or about July 9, 2001, plaintiff filed with the

-1-

Immigration and Naturalization Service ("INS")[1] a Form I-485 application for adjustment of status to that of lawful permanent resident on the basis of the Legal Immigrant Family Equity Act ("LIFE Act"), Pub.L. No. 106-553, 114 Stat. 2762 (2000). (Schachner Decl. Ex. A.) Under the LIFE Act, an eligible alien may adjust his status to that of a lawful permanent resident if he satisfies certain requirements, including that he entered the United States before January 1, 1982 and resided in the United States continuously in an unlawful status through May 4, 1988. See 8 C.F.R. § 245a.11; Villar v. Bd. of Immigration Appeals, 222 Fed. Appx. 27, 29 (2d Cir. 2007).

While plaintiff's application was pending, on or about January 13, 2003, the INS commenced a removal proceeding against him in Atlanta. (Schachner Decl. Ex. B.) The INS alleged that plaintiff was "an immigrant not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Immigration and Nationality Act," and claimed that plaintiff was removable pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I). (Id.) By order dated July 17, 2003, an Immigration Judge conditionally terminated the removal proceedings pending a decision by the INS District Director on plaintiff's application for adjustment of status. (Id. Ex. C.)

On March 14, 2005, the USCIS District Director denied plaintiff's application for adjustment of status. (Id. Ex. D.) Plaintiff appealed and, on November 20, 2007, the USCIS Administrative Appeals Office ("AAO") denied his application. (Id. Ex. E.) Specifically, the AAO found that statements in several affidavits plaintiff had submitted in support of his

---

[1] "On March 1, 2003, the Immigration and Naturalization Service was reconstituted as the Bureau of Immigration and Customs Enforcement and the Bureau of U.S. Citizenship and Immigration Services, both within the Department of Homeland Security." Llanos-Fernandez v. Mukasey, 535 F.3d 79, 81 n.3 (2d Cir. 2008).

application had been refuted by the affiants when they were contacted by USCIS. The AAO also found that plaintiff had failed to submit new evidence in response to a Notice of Intent to Deny issued by the District Director. Therefore, the AAO affirmed the District Director's decision that plaintiff had failed to prove that he entered the United States before January 1, 1982 and resided in the United States continuously through May 4, 1988.

Plaintiff filed his Complaint in this action on December 20, 2007. He did not immediately serve defendants, however, and on August 15, 2008 plaintiff sought and obtained this Court's permission to serve the Complaint out of time. Plaintiff served defendants with the Complaint on or about August 20, 2008.

By order dated November 10, 2008, an Immigration Judge in Atlanta reinstated removal proceedings against plaintiff. On November 25, 2008, defendants moved to dismiss plaintiff's complaint for lack of subject matter jurisdiction. Defendants argue that plaintiff has failed to exhaust his administrative remedies, specifically his right to reassert his claim for permanent residence in the removal proceeding pending against him.

**II.     Discussion**

Fed. R. Civ. P. 12(b)(1) provides for dismissal when a federal court lacks jurisdiction over the subject matter of a claim. When a defendant moves to dismiss a cause of action pursuant to Rule 12(b)(1), the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Raila v. United States, 355 F.3d 118, 119 (2d Cir. 2004). Where a defendant raises a bona fide challenge to subject matter jurisdiction, a plaintiff has the burden of proving that jurisdiction is proper by a preponderance of the evidence. See Luckett v. Bure, 290 F.3d 493, 496-97 (2d Cir. 2002); see also London v. Polishook, 189

F.3d 196-99 (2d Cir. 1999) ("[I]t is the affirmative burden of the party invoking [federal subject matter] jurisdiction . . . to proffer the necessary factual predicate—not simply an allegation in a complaint—to support jurisdiction.") (citation omitted).

Under the administrative exhaustion doctrine, "a party may not seek federal judicial review of an adverse administrative determination until the party has first sought all possible relief within the agency itself." Beharry v. Ashcroft, 329 F.3d 51, 56 (2d Cir. 2003) (internal quotation marks omitted). "If a party fails to exhaust administrative remedies, then the court may dismiss the action because subject matter jurisdiction does not exist." Howell v. INS, 72 F.3d 288, 291 (2d Cir. 1995) (citing DiLaura v. Power Auth., 982 F.2d 73, 79 (2d Cir. 1992)); see also Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ., 297 F.3d 195, 199 (2d Cir. 2002).

The Second Circuit's decision in Howell is controlling here. In Howell, the INS denied the plaintiff's application for adjustment of status to that of permanent resident. See 72 F.3d at 289. The plaintiff filed a complaint in the district court seeking review of that decision, and the INS subsequently commenced removal proceedings. Id. at 290. The Second Circuit affirmed dismissal of the plaintiff's complaint, holding that subject matter jurisdiction was lacking because the plaintiff had failed to exhaust her administrative remedies. Id. at 293 ("[T]he district court lacked jurisdiction to review the district director's denial of Howell's application for adjustment of status once deportation proceedings commenced, because she failed to exhaust her administrative remedies."). Specifically, the plaintiff "ha[d] the opportunity, pursuant to the regulations, to renew her application for adjustment of status before an immigration judge" in the course of the removal proceedings. Id.

Likewise, here, plaintiff has failed to exhaust administrative remedies because he may

-4-

renew his application for adjustment of status in the removal proceedings pending against him. See 8 C.F.R. § 245.2(a)(5)(ii) (providing, inter alia, that an alien may renew his or her application for adjustment of status in removal proceedings). If the Immigration Judge denies plaintiff's application, plaintiff may appeal to the Board of Immigration Appeals, and from there to the United States Court of Appeals. See Gadria v. Ganter, No. 05 Civ. 6621, 2008 WL 650369, at *3 (S.D.N.Y. Mar. 6, 2008).

Although plaintiff concedes that removal proceedings have commenced against him, see Compl. at 1 (describing plaintiff as "an alien who is currently in removal proceedings"), he attempts to distinguish Howell, arguing that removal proceedings had not yet commenced at the time he filed this action. This argument is unavailing, however, because the same was true of the plaintiff in Howell. See also Gadria, 2008 WL 650369, at *2-*3 (dismissing complaint under Howell where removal proceedings commenced "over a year and a half after the complaint to this court had been filed"); Li v. Chertoff, No. 07 Civ. 3836, 2007 WL 4326784, at *2 (E.D.N.Y. Dec. 7, 2007) (rejecting plaintiff's attempt to distinguish Howell on the basis that removal proceedings had not yet commenced at the time of filing of the district court action).

As the Second Circuit explained in Howell, there are four recognized exceptions to the exhaustion requirement:

> Exhaustion of administrative remedies may not be required when: (1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question.

72 F.3d at 291 (quoting Guitard v. U.S. Sec'y of Navy, 967 F.2d 737, 741 (2d Cir. 1992)).

These exceptions are inapplicable for the reasons discussed in Howell. Id. at 293.

**III.    Conclusion**

For the foregoing reasons, defendants' motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) is granted.[2]  The Clerk of the Court is directed to enter judgment in accordance with this order and to close the case.

SO ORDERED.

Dated: Brooklyn, New York
       February 4, 2009

Carol Bagley Amon<br>United States District Judge

---

[2] In light of the Court's finding that subject matter is lacking, it is unnecessary to address defendants' argument that this case should be dismissed or transferred for lack of venue.